**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                              Chapter 11

THE STEPHAN CO.,                                      Case No. 8:25-bk-08937-CPM

         Debtor.[1]

_____/

**SUPPLEMENTAL DECLARATION OF ROBERT J. KEACH, ESQ.**
**IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING RETENTION AND EMPLOYMENT OF VERRILL DANA LLP AS**
**CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

I, Robert J. Keach, Esq. hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief, after due inquiry described herein.

1.      I am Counsel with Verrill Dana LLP ("**Verrill**"), duly admitted and in good standing to practice in the States of Maine and Massachusetts, the United States District Courts for the Districts of Maine and Massachusetts, and the United States Court of Appeals for the First, Second, Seventh, and Eighth Circuits.

2.      I have personal knowledge of the facts set forth herein unless otherwise indicated. To the extent any information disclosed herein requires amendment or modification, I will submit a supplemental declaration.

3.      On December 10, 2025, the Debtor filed the *Debtor's Application for Entry of an Order Authorizing Retention and Employment of Verrill Dana LLP as Co-Counsel Effective as of*

---

[1] The last four digits of the Debtor's federal tax identification number are 6812. The Debtor's mailing address is 2211 Reach Road, Suite B4, Williamsport, Pennsylvania 17701.

1

*the Petition Date* (the "**Application**"),[2] which included, among other things, the *Declaration of Robert J. Keach in* Support of *Debtor's Application for Entry of an Order Authorizing Retention and Employment of Verrill Dana LLP as Co-Counsel Effective as of the Petition Date* [Docket No. 46] (the "**Initial Declaration**"*).*

4.   On January 30, 2026, the Court entered the *Order Authorizing and Approving Retention and Employment of Verrill Dana LLP as Co-Counsel for the Debtor Effective as of the Petition Date* [Docket No. 107] (the "**Retention Order**").

5.   Consistent with the terms of the Retention Order, Verrill has continued to review its records for potential connections between Verrill and potential parties in interest in this chapter 11 case.

6.   The purpose of this supplemental declaration (the "**Supplemental Declaration**") is to make the following additional disclosures based on new information discovered since the Initial Declaration was submitted:

- Verrill currently represents Hannaford Bros. Co., LLC ("**Hannaford**") in litigation in which the Debtor is also named as a defendant (the "**Related Litigation**"). Verrill does not represent Hannaford in connection with any claims asserted against the Debtor, and Verrill will not represent Hannaford in asserting claims adverse to the Debtor in this bankruptcy case or otherwise. Verrill's representation of Hannaford is limited to defending claims asserted by third parties and does not involve crossclaims, indemnification claims, contribution claims, or any other claims against the Debtor.

- Verrill previously represented PTI Union, LLC ("**PTI**") in litigation in which the Debtor is also named as a defendant in Related Litigation.  PTI has since been dismissed as a defendant in Related Litigation.

- Verrill currently represents Jungbunzlauer Inc. ("**Jungbunzlauer**") as a party in In re Vanderbilt Minerals, LLC, No. 26-60110 (WAK) (Bankr. N.D.N.Y. filed Feb. 16, 2026) ("**Vanderbilt**").  Vanderbilt is a co-defendant in talc litigation where the Debtor is also a defendant.  Verrill's representation of Jungbunzlauer is limited to

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as ascribed to them in the Application.

asserting claims against Vanderbilt or related parties and does not involve crossclaims, indemnification claims, contribution claims, or any other claims against the Debtor.

7.     Based on the foregoing, Verrill does not hold an interest adverse to the Debtor or the estate.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct based on belief, information and understanding.

Executed on May 18, 2026

*/s/ Robert J. Keach*
Robert J. Keach, Esq.

3